UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RONALD OSBORN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:08-cv-916-WTL-DML |
| ) | |
| COUNSELOR PHILLIP ZELLERS, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Summary Judgment**

This is an action brought pursuant to 42 U.S.C. § 1983 in which plaintiff Ronald Osborn, a state prisoner, alleges that defendant Counselor Zellers violated Osborn's constitutional rights by retaliating against him for filing a small claims suit. Counselor Zellers has appeared in the action and seeks resolution of Osborn's claim through the entry of summary judgment. Osborn has not opposed the motion for summary judgment.

Whereupon the court, having considered the pleadings, the motion for summary judgment, the brief relevant to such motion, and the evidentiary record, and being duly advised, now finds that the motion for summary judgment must be granted. This conclusion is based on the following facts and circumstances:

1. It is argued in the motion for summary judgment that Osborn's suit was filed prematurely because he failed to comply with a statutory requirement that he exhaust available administrative remedies prior to filing suit.

   a. This motion must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

   b. The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as

otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2).

c. In this case, Counselor Zellers has met his burden through his motion for summary judgment, which Osborn has not opposed. The consequence of this is that he has conceded the defendant's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which Osborn was notified. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

2. "The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996)(citing *Anderson,* 477 U.S. at 248).

3. The law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement is intended to serve the dual purpose of affording "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into courtl[,]" and to improve the quality of inmate suits filed through the production of a "useful administrative record." *Jones v. Bock,* 549 U.S. 199, 204 (2007) (citations omitted). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted).

4. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

5. The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Osborn as the non-moving party with respect to motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

  a. Osborn has been incarcerated at Branchville since April 10, 2007. Branchville is a prison operated by the Indiana Department of Correction ("DOC").

  b. The DOC prescribes, and Branchville has adopted, a grievance process whereby inmates can seek relief with respect to their treatment and the conditions of their confinement. Branchville keeps records of an inmate's use of the grievance procedure, including all responses and appeals.

  c. A complaint that involves actions of individual staff is an issue that may be grieved by an inmate at Branchville. Osborn's claim against Counselor Zellers in this lawsuit is within the scope of issues and concerns which could have been presented through Branchville's grievance procedure.

  d. The grievance process at Branchville includes an attempt to resolve the complaint informally, as well as two formal steps–a formal written grievance and then an appeal of the response to the level one grievance. Exhaustion of the grievance procedure requires filing a grievance, and pursuing that grievance to the final step.

  e. Osborn did not submit proper grievances relating to retaliatory action by Counselor Zellers at Branchville. He did not, in fact, submit any grievance as to this subject.

  6. At the time Osborn filed this action, he had not filed a grievance pertaining to the alleged action of Counselor Zellers. Rather than showing that proper exhaustion occurred, the record shows that the lawsuit was filed prematurely.

  7. The consequence of these circumstances, in light of § 1997e(a), is that Osborn's claim against Counselor Zellers should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). The motion for summary judgment (dkt 50) is **granted.** The resolution of the claim against Counselor Zellers resolves all claims against all parties. Judgment consistent with this Entry and with the Entry of August 24, 2009, shall now issue.

  **IT IS SO ORDERED.**


Date: 04/07/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana