**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

RONALD OSBORN,                                  )
                                                )
                         Plaintiff,             )
              v.                                )        No. 1:08-cv-916-WTL-DML
                                                )
COUNSELOR PHILLIP ZELLERS,                      )
                                                )
                         Defendant.             )

**Entry and Notice**

The materials filed by the plaintiff on April 7, 2010, in opposition to defendant Zellers'
motion for summary judgment are of **no effect.** The reasons for this determination are the
following:

1.      The materials were filed beyond the April 1, 2010, deadline for the plaintiff to
respond to the motion for summary judgment. The court cannot maintain the reasonable
management of its docket if deadlines are ignored. *Spears v. City of Indianapolis,* 74 F.3d
153, 157 (7th Cir. 1996); *see also Reales v. Consolidated Rail Corp.,* 84 F.3d 993, 996 (7th
Cir. 1996)("[Courts] are entitled-indeed they must-enforce deadlines. Necessarily, they
have substantial discretion as they manage their dockets."). An untimely filing which has
not been belatedly authorized is of no effect, *Gonzalez v. Ingersoll Milling Machine
Company,* 133 F.3d 1025, 1030 (7th Cir. 1998); *Lac Du Flambeau Band of Lake Superior
Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.,* 991 F.2d 1249, 1257 (7th Cir.
1993)("[A] decision to disregard all materials submitted after a reasonable filing deadline
is certainly not an abuse of discretion because it allows the district court to preserve the
moving party's right to respond to the resisting party's argument and to decide the summary
judgment motion in a timely fashion.")(citation omitted).

2.      Although the plaintiff's filings of April 7, 2010, acknowledge the motion for
summary judgment, the materials are incomplete because they do not include a *statement
of material facts in dispute* as required by Local Rule 56.1(b). The *statement of material
facts in dispute* required by Local Rule 56.1(b) is to identify the potentially determinative
facts and factual disputes which the plaintiff contends demonstrate that there is a dispute
of fact precluding summary judgment. The statement provided by the plaintiff is not
supported by specific reference to evidentiary materials and is riddled with argument and
case citations. The failure to submit the required *statement of material facts in dispute*

concedes the defendant's version of the facts to the extent they are supported by admissible evidence. This is the consequence of Local Rule 56.1(e). *See, e.g., Schmidt v. Eagle Waste Recycling, Inc.,* 2010 WL 1006922 (7th Cir. March 22, 2010); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) (holding that "a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)(stating that procedural rules "apply to uncounseled litigants and must be enforced"). Thus, even if these materials had been received prior to the deadline, or had been received prior to the ruling on the motion for summary judgment, or even if considered now in some substantive fashion, the court's ruling would be no different.

**IT IS SO ORDERED.**

Date: 04/09/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Ronald Osborn
102166
Branchville Training Center
21390 Old State Road 37
Branchville, IN 47514

Corinne Gilchrist
Office of the Indiana Attorney General
corinne.gilchrist@atg.in.gov